# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

TIMOTHY D. WILBURN,

      Movant.

Case No. 04-Cr-80
(Successive Case No. 14-C- 717)

# DECISION AND ORDER

This matter is before the Court on the motions of Movant Timothy Darnell Wilburn, Sr. ("Wilburn") to grant his motion pursuant to 28 U.S.C. § 2255(f)(3) and to expedite consideration of the motion. (ECF Nos. 104 & 105.) His § 2255(f)(3) motion is based on *Descamps v. United States,* 133 S. Ct. 2276, 2281-82 (2013), which he asserts makes him actually innocent of his Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA or Act"), enhancement which increased his sentence. The ACCA requires a sentence of at least 15 years' imprisonment for a felon in possession of a firearm offense when the defendant has three previous convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1).

Wilburn argues that in light of *Descamps,* his second predicate offense of fleeing from an officer in violation of Wis. Stat. § 346.04 no longer qualifies as a predicate offense. He also argues that the first predicate offense, his prior juvenile adjudication for party to the crime of armed robbery, cannot be used to as a predicate

offense because it was not a conviction and, although the petition of juvenile delinquency noted the use of a firearm, the pleaded juvenile offense did not reference a firearm and thus may not be used as a predicate offense to designate him as an armed career criminal. Wilburn does not offer any argument that *Descamps* provides a new rule of constitutional law, or even if it did, that the Supreme Court has made the new right retroactive to cases on collateral review.

The following background provides context for Wilburn's current motions. On May 12, 2008, Wilburn filed an initial motion pursuant to § 2255, Case No. 08-C-411 (the "08 action") that was denied and dismissed by the Court's February 10, 2009, Decision and Order, and final judgment. (08 action, ECF Nos. 12 & 13.) On November 6, 2012, the Court denied Wilburn's motion pursuant Rule 60(b)(6) of the Federal Rules of Civil Procedure because it was a second or successive motion for relief pursuant to § 2255. (08 action, ECF No. 19.) On April 5, 2013, in the 08 action, the Court denied Wilburn's motion to amend his § 2255 motion because his original § 2255 motion was no longer pending, and deemed it to be a successive motion, directed the Clerk of Court to open a new civil action, Case No. 13-C-389 (the "13 action"), and then dismissed the action for lack of jurisdiction. (08 action, ECF No. 22; 13 action, ECF Nos. 3 & 4).

Wilburn's § 2255 motion is his fourth such motion. Absent prior authorization by the court of appeals the Court lacks jurisdiction over his motion. *See Hare v. United States,* 688 F.3d 878, 880 n.3 (7th Cir. 2012) (citations omitted) (stating "we

look at the substance of a motion rather than its title to determine whether it is a successive collateral attack. We do this to police attempted end-runs around the successive petition limitations of § 2255 by restyling motions in different ways.") Wilburn pursued a direct appeal and his one opportunity at a collateral attack. He also sought leave from the court of appeals to file a successive petition. This is his third attempt to file a successive petition with the Court. The instant motion is clearly a successive motion.

> Section 2255(h) of Title 28 of the United States Code states:
>
>> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Court will direct the Clerk of Court to open Wilburn's October 11, 2013, motion as a separate civil § 2255 action. Since Wilburn has not obtained prior permission from the court of appeals, that action is dismissed for lack of jurisdiction. *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Wilburn is advised that this Court lacks jurisdiction to entertain any further collateral proceedings unless the Court of Appeals first grants permission under § 2244 and § 2255(h). If Wilburn

intends to seek permission from the court of appeals to file a successive petition, he should be aware that 7th Circuit Rule 22.2 sets forth the requirements for such petitions. The text of the Rule is appended to this Decision and Order.

Any movant appealing a district court's ruling dismissing his motion under 28 U.S.C. § 2255, must first secure a certificate of appealability from the district court or the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). That is true even when a movant is appealing from the dismissal of an unauthorized second or successive motion. *See Sveum v. Smith,* 403 F.3d 447, 448 (7th Cir. 2005).

Therefore, as required by Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court certifies to the court of appeals that it has concluded jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2). Therefore, this Court declines to issue a certificate of appealability. Since this Court has not issued a certificate of appealability, Wilburn may not appeal this determination. However, he may seek a certificate from the Court of Appeals under Federal Rule of Appellate Procedure 22. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Wilburn's motion for relief pursuant to § 2255(f)(3) (ECF No. 104) is **DISMISSED**;

The Clerk of Court is **DIRECTED** to open a separate civil § 2255 action with Wilburn's motion for relief pursuant to § 2255(f)(3) and his motion to expedite consideration of his § 2255 motion and this Decision and Order in that action;

The successive § 2255 action (Case No. 14-C-717) is **DISMISSED** for lack of jurisdiction;

The Clerk of Court is directed to enter judgment accordingly as to that civil action; and

The Court also **DECLINES** to issue a certificate of appealability from this Order pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Courts.

Dated at Milwaukee, Wisconsin this 20th day of June, 2014.

               **BY THE COURT**

               *Rudolph T. Randa*
               **Hon. Rudolph T. Randa**
               **U.S. District Judge**

Circuit Rule 22.2. Successive Petitions for Collateral Review

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 14 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.